IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF PISCATAQUIS,

## 1849.

DANIEL DENNETT *versus* WILLIAM P. LAMSON & al.

The interest of a witness is not removed by a receipt, unsealed, in full of all demands made by the party calling him.

EXCEPTIONS from the District Court.

Trover for a yoke of oxen. The ownership was in dispute. The defendants had purchased them of one H. Clapp, and they called him as a witness. Being objected to on the ground of interest, he received from the defendants' attorney a document of the following tenor: — " Dover, March 29, 1849. — Received of H. Clapp one dollar in full of all demands. Lamson & Wyman, by their attorney, A. Sanborn." It was admitted that Sanborn was verbally authorized by the defendants to make and sign such a paper. The witness was admitted.

*Everett*, for plaintiff.

*A. Sanborn*, for defendants.

The receipt was a discharge of all remedy which the defendants might have had upon the witness. A *release* of all demands is a discharge of all actions and causes of action, even of conditions not yet broken, or before an action could be brought therefor. Coke on Litt. Book 3, sect. 508. If a

release would have such an effect, why not a receipt? A receipt is presumptive evidence of consideration. And an acknowledgment by deed of a consideration, is but *prima facie* evidence, and may be controlled. 1 Greenl. Ev. § 26, and cases cited.

A *valuable* consideration is not requisite. Consideration of good-will is sufficient.

SHEPLEY, C. J. orally. — The witness was interested. The attempt to remove his interest was ineffectual. The paper was not a release. It was not sealed. It was open and subject to explanation.                            *Exceptions sustained.*